**SHELLY ASSOCIATES, INC., a corporation, Plaintiff,**

v.

**CHICAGO MINIATURE LAMP COMPANY et al., Defendants.**

No. 70–1443.

United States District Court,
C. D. California.

Jan. 20, 1971.

Lewis M. Dalgarn, Los Angeles, Cal., for plaintiff.

Hill, Farrer & Burrill, Rex W. Kellough, Los Angeles, Cal., Mason, Kolehmainen, Rathburn & Wyss, Philip M. Kolehmainen, M. Hudson Rathburn, Chicago, Ill., James & Franklin, Harold James, New York City, for defendants.

## MEMORANDUM OPINION

CURTIS, District Judge.

The essence of the argument between the parties upon defendants' motion for summary judgment on count one is whether or not it can be determined as a matter of law that the defendants' CM–25 series indicator light does in fact produce a tight frictional fit or clamping of the lamp lead wires within the conductive receptacles which is substantially different from the "loose fit" as defined by the claims of the patent in suit.

It appears clear from a reading of the patent in the light of the representations made in the file wrapper that the claims of the patent in suit are expressly limited to a "loose fit" between the bulb lead wire and the tubular conductor and in addition are expressly limited to tubular conductors having an interior diameter "substantially larger than" the exterior diameter of the bulb lead wire. On page 35 of the file before the Patent Office plaintiff's counsel in attempting to distinguish the Atkin's patent makes the following statement:

"However, unlike the present invention, the diameter of the sleeves 15 is such that the wire leads from the lamp are held in 'relatively tight frictional engagement' so that no other securing means are necessary * * *. The electrical contact between the leads and the conductors is established by tight frictional engagement as in clamping."

On page 36, plaintiff's counsel further states: "Nor can it be said that the leads are 'slidably received and removably engaged' since they can be inserted and removed only by the application of substantial force sufficient to overcome the tight frictional engagement * * *.

"These distinctions over the Atkins are further emphasized by the requested amendments. Each claim now states the leads are slidably received and removably engaged in the elongated tubular conductors 'with a loose fit', whereas Atkins clearly teaches the necessity for a relatively tight frictional engagement. Moreover, each of the claims now specifies that the interior radial dimensions of the conductors be substantially larger than the exterior dimensions of the leads. This clearly distinguishes over the teachings of the Atkins patent which requires that the exterior radial dimensions of the leads must be ap-

proximately the same as the interior radial dimensions of the conductor in order to achieve the desired tight frictional engagement."

Plaintiff contends that even though it appear that the engagement of the contact wires in defendants' construction may be somewhat less "loose" than called for in plaintiff's patent it is only a matter of degree and at least raises a question of fact which cannot be determined on a motion for summary judgment.

It appears, however, from the exhibits of the accused device before this court that by crimping each receptacle its interior dimension is reduced to the approximate exterior dimensions of the leads within reasonable production tolerances, which results in an actual frictional engagement, be it slight or great. And, it cannot be said that the leads are "slidably received and removably engaged with a loose fit" since they can be inserted and removed only by the application of force sufficient to overcome the frictional engagement.

It appears to this court, therefore, that as a matter of law, defendants' accused device does not infringe plaintiff's patent and that the defendants are entitled to summary judgment on count 1.

Plaintiff shall have five days to object to the proposed findings of fact and conclusions of law presently lodged with the court.